# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Nancy Harvey, ) | |
| ) | Civil Action No.: 0:18-cv-00048-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on February 25, 2019 (ECF No. 18). The Report addresses Plaintiff Nancy Harvey's ("Plaintiff") claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 18 at 1.) The Magistrate Judge's Report recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand Plaintiff's claim for further administrative proceedings. (ECF No. 18 at 11.) For the reasons stated herein, the court **ACCEPTS** the Report (ECF No. 18) and incorporates it herein, **REVERSES** the decision of the Commissioner, and **REMANDS** Plaintiff's claim for additional administrative action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 18.) As brief background, an administrative law judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") on January 13, 2017, and denied Plaintiff's claims for DIB and SSI. (ECF No. 9-2 at 32.) Although the ALJ found that Plaintiff "is unable to perform past relevant work," the ALJ ultimately

1

concluded that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id.* at 30–31.) After submitting new opinion evidence from Dr. Rosenberg to the Appeals Council ("the Council"), Plaintiff requested the Council to review the ALJ's decision and was denied that request on November 20, 2017. (ECF No. 9-2 at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on January 5, 2018. (ECF No. 1.)

In the Report, the Magistrate Judge found that the Council "erred in finding that the new opinion evidence signed by Dr. Rosenberg did not relate to the period on or before the date of the ALJ's decision." (ECF No. 18 at 8.) Additionally, the Magistrate Judge reasoned that Dr. Rosenberg's opinion was not "cumulative or duplicative . . . ." (*Id.* at 9.) Moreover, the Magistrate Judge concluded that the evidence was "material" because it could have "likely" impacted the ALJ's analysis of Plaintiff's case. (*Id.* at 10.) On this basis, the Report recommended that the court reverse the decision of the Commissioner and remand the case for further administrative proceedings. (*Id.* at 12.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains

with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file specific objections to the Report on February 25, 2019. (ECF No. 18.) Objections to the Report were due by March 12, 2019. (*Id.*) On March 11, 2019, the Commissioner notified the court that she would not object to the Magistrate Judge's Report. (ECF No. 19 at 1.) To date, Plaintiff has not filed any objection to the Report. Since no specific objections were filed by either party and the Report does not contain clear error on its face, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the

3

Magistrate Judge's Report and Recommendation (ECF No. 18) and incorporates it herein. The Commissioner's decision is therefore **REVERSED** and **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

    **IT IS SO ORDERED.**

                                                              United States District Judge

March 15, 2019
Columbia, South Carolina